FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

DEC 05 2014

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHERYL KIDDER,<br><br>    Plaintiff,<br><br>v.<br><br>SPRINGLEAF FINANCIAL SERVICES, INC.,<br><br>    Defendant. | Civil Action File No.<br><br>1:14-CV-3864-CC |

## ANSWER

Subject to and without waiving its right to compel arbitration, Defendant Springleaf Financial Services, Inc. ("Springleaf") hereby answers the allegations in the Statement of Claim filed by Plaintiff Cheryl Kidder.

1.

Springleaf denies the allegations in Paragraph 1 of the Statement of Claim, except admits that Springleaf is subject to personal jurisdiction in the Magistrate Court of Fulton County Georgia. Responding further, Springleaf denies that the Magistrate Court of Fulton County Georgia is an appropriate forum to adjudicate Plaintiff's claims because her claims are subject to a binding arbitration provision,

which requires that Plaintiff pursue her claims against Springleaf in an appropriate arbitration proceeding.

2.

Springleaf denies the allegations of Paragraph 2 of the Statement of Claim.

3.

Springleaf denies the allegations of Paragraph 3 of the Statement of Claim.

4.

Springleaf denies each and every allegation of the Statement of Claim not otherwise responded to herein. Springleaf further denies that Plaintiff is entitled to any relief whatsoever.

## DEFENSES

### FIRST DEFENSE

Plaintiff's claims against Springleaf are governed by a mandatory arbitration clause, which requires that Plaintiff pursue her claims against Springleaf in an appropriate arbitration proceeding.

### SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, on the grounds that they fail to state a claim upon which relief can be granted as to Springleaf and further fail to

state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from Springleaf.

### THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

### FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to mitigate her damages (if any).

### FIFTH DEFENSE

Plaintiff's losses, if any, were proximately caused by her own decisions, conduct and/or negligence, not by any action or inaction on the part of Springleaf. Plaintiff therefore is barred from recovery based on her own negligence, contributory negligence or comparative negligence.

### SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by her unclean hands.

**WHEREFORE**, Defendant, having answered the Complaint, prays as follows:

(a) That Plaintiff's claims be dismissed with prejudice;
(b) That the Court enter judgment in favor of Springleaf and against Plaintiff;

(c) That the Court award such other relief to Springleaf as is just and proper.

Respectfully submitted this 5th day of December, 2014.

John K. Larkins III
Ga. Bar No. 438417

Chilivis, Cochran, Larkins & Bever, LLP
3127 Maple Drive, N.E.
Atlanta, GA 30305
404-233-4171 (phone)
404-261-2842 (fax)
*jake.larkins@cclblaw.com*

*Attorneys for Defendant Springleaf Financial Services, Inc.*

- 5 -

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of December, 2014, the foregoing ANSWER was served on Plaintiff by depositing a copy of same in the United States mail, in a properly addressed envelope, with adequate postage thereon:

> Cheryl Kidder
> P.O. Box 317
> Lebanon, GA 30146

*/s/ John K. Larkins III*
John K. Larkins III
Ga. Bar No. 438417

Chilivis, Cochran, Larkins & Bever, LLP
3127 Maple Drive, N.E.
Atlanta, GA 30305
404-233-4171 (phone)
404-261-2842 (fax)
jake.larkins@cclblaw.com

*Attorneys for Defendant Springleaf Financial Services, Inc.*